IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARSHA A. YOUNG, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-14-1449 |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM & ORDER

Pending is Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 6). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Marsha A. Young ("Plaintiff") and her husband purchased a home at 378 Kingscourt Drive, Houston, Texas 77015 (the "Property") on or about February 27, 2006.[1] Plaintiff executed a Note and Deed of Trust on the Property, which were subsequently transferred to Defendant Deutsche Bank National Trust Company ("Defendant"), with Ocwen Loan Servicing, LLC ("Ocwen") acting as the loan servicer.[2]

---

[1] Document No. 1-4 at 18 of 26 (1st Am. Pet.).

[2] Id.

Plaintiff alleges that she began to experience financial difficulties and, in an effort to remedy the situation, entered into debt restructuring negotiations with Defendant to modify the terms and conditions of the Note.[3] Plaintiff alleges that she was offered a loan modification and that during the next several months she obtained and submitted financial documents in response to Ocwen's requests.[4] Plaintiff further alleges that Ocwen's representatives informed her "that she was not allowed to make any mortgage payments while in loan modification status," and "that [Defendant] would not take any action to foreclose on the Property while in loan modification status."[5] Plaintiff alleges that "Ocwen's representatives promised to confirm these agreements in writing; however, the Plaintiff never received written confirmation."[6] Plaintiff alleges that while she was waiting for confirmation of the loan modification, believing that the

---

[3] Document No. 1-4 at 18 of 26.

[4] Id.

[5] Id. at 18 of 26 to 19 of 26. Although her First Amended Petition is ambiguous on the point, Plaintiff does not dispute that she ultimately defaulted after Defendant allegedly told her to stop making payments. See Document No. 7 at 1 (Plaintiff's Response) ("Plaintiff claims that [Defendant], while not in writing, induced her to default on her mortgage.").

[6] Document No. 1-4 at 19 of 26.

2

discrepancy had been resolved, she was served with an Original Petition for Forcible Detainer filed by Defendant.[7]

Plaintiff filed suit in state court against Defendant, alleging that Defendant wrongly conducted a foreclosure sale of the Property on January 7, 2014, in which Defendant sold the Property to itself.[8] Plaintiff alleges causes of action for breach of contract, common law fraud, and promissory estoppel.[9] Defendant timely removed the case and now moves to dismiss Plaintiff's First Amended Petition.[10]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

---

[7] Id.

[8] Id.

[9] Id. at 19 of 26 to 20 of 26.

[10] Document No. 6.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Analysis

A. Breach of Contract

Plaintiff alleges that Defendant's actions constitute a breach of contract because: "A. There exists a valid, enforceable contract between [Plaintiff] and [Defendant]; B. [Plaintiff] has standing to sue for breach of contract; C. [Plaintiff] performed, tendered

4

performance, or was excused from performing his [sic] contractual obligations; D. [Defendant] breached the contract; and E. The breach of contract by [Defendant] caused [Plaintiff's] injury."[11] This is merely "a formulaic recitation" of elements of a breach of contract claim.[12] See Twombly, 127 S. Ct. at 1965. Although Plaintiff additionally alleges that Defendant's foreclosure sale of the Property was "in violation of the agreement between the parties and without proper and timely notice to the Plaintiff as required by the Note and Deed of Trust as well as the Texas Property Code," she does not provide copies of either the Note or the Deed of Trust and does not identify any particular requirement therein which she alleges Defendant breached.[13]

Furthermore, Plaintiff cannot establish the necessary element of performance because Plaintiff breached her contractual obligations by defaulting on her payments. Plaintiff contends that "[Defendant] cannot assert that [Plaintiff] is in default under the original loan because it was [Defendant's] representations that

---

[11] Document No. 1-4 at 19 of 26.

[12] Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001)).

[13] Document No. 1-4 at 19 of 26.

induced the default."[14] Plaintiff acknowledges that the Statute of Frauds normally precludes enforcement of the kind of oral representations on which she allegedly relied, but argues that her performance may still be excused based on those representations.[15] In considering motions to dismiss based on strikingly similar factual allegations, this Court has recently and repeatedly rejected this precise argument. *See* Martinez v. CitiMortgage, Inc., CIV.A. H-13-0727, 2013 WL 2322999, at *2 (S.D. Tex. May 28, 2013) (Atlas, J.) (dismissing breach of contract claim because "allowing a borrower to avoid foreclosure by arguing that he was induced to default based on an oral promise not to foreclose during loan modification negotiations 'would allow Plaintiff to circumvent the statute of frauds by essentially enforcing an unenforceable modification agreement.'") (citing Montalvo v. Bank of Am. Corp., SA-10-CV-360-XR, 2013 WL 870088, at *8 (W.D. Tex. Mar. 7, 2013); Serna v. U.S. Bank, N.A., CIV.A. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. Jan. 9, 2014) (Werlein, J.) (same). Plaintiff's breach of contract claim is therefore dismissed.

---

[14] Document No. 6 at 2. Plaintiff's First Amended Petition actually alleges that it was representatives of Ocwen, not Defendant, whose communications induced her default, but Ocwen, as the mortgage servicer, was allegedly acting as Defendant's agent, so the distinction is immaterial. *See* Document No. 1-4 at 18 of 26.

[15] Document No. 6 at 2.

B. <u>Common Law Fraud</u>

Plaintiff alleges that:

> The actions committed by Ocwen constitute common law fraud because Ocwen made false and material misrepresentations to [Plaintiff] when informing [Plaintiff] that she was not allowed to make any mortgage payments while in loan modification status and that [Defendant] would not take any action to foreclose on his [sic] Property while in loan modification status and Ocwen was acting as [Defendant's] agent. Ocwen knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Ocwen made these representations with the intent that [Plaintiff] act on them and [Plaintiff] relied on these representations which caused [Plaintiff's] injury.[16]

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." <u>Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.</u>, 620 F.3d 465, 468 (5th Cir. 2010) (citing <u>Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.</u>, 51 S.W.3d 573, 577 (Tex. 2001)).

Fraud claims are subject to the heightened pleading requirements of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind

---

[16] Document No. 1-4 at 20 of 26.

may be alleged generally." FED. R. CIV. P. 9(b). "Although Rule 9(b) expressly allows scienter to be averred generally, simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). The plaintiffs must set forth *specific facts* supporting an inference of fraud." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (citations and internal quotation marks omitted) (emphasis in original). Plaintiff alleges no specific facts supporting an inference of fraudulent intent, but instead merely alleges that Defendant knowingly or recklessly made alleged false statements. These conclusory allegations are insufficient to state a claim for fraud. See Serna, 2014 WL 108732, at *4 (dismissing fraud claim based on identical conclusory allegation of fraudulent intent).

Furthermore, Plaintiff's fraud claim is barred by the economic loss rule. See Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495 (Tex. 1991) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.") (citation omitted); Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH, 524 F.3d 676, 678 (5th Cir. 2008) ("Under Texas's economic loss rule, . . . no duty in tort exists when plaintiffs have suffered only economic losses.") (citing Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 107 (Tex. App.-Houston [1st Dist.] 2000)); Gonzales v. Bank of Am., N.A., CIV.A. G-12-292, 2013 WL 140093, at *2 (S.D. Tex. Jan. 10, 2013)

(Froeschner, M.J.) (dismissing homeowners' fraud claim under economic loss rule where "[p]laintiffs have not alleged any independent injury outside the economic losses caused by BOA's alleged breach of the contract"). Plaintiff's fraud claim is therefore dismissed.

C.  <u>Promissory Estoppel</u>

Plaintiff alleges that "[t]he actions committed by [Defendant] constitute promissory estoppel because: A. [Defendant] made a promise to [Plaintiff]; B. [Plaintiff] reasonably and substantially relied on the promise to her detriment; C. [Plaintiff's] reliance was foreseeable by [Defendant]; and D. Injustice can be avoided only by enforcing [Defendant's] promise."[17]

Under the statute of frauds, an agreement regarding the transfer of real property or modification of a loan must be in writing to be valid. <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. BUS. & COM. CODE §§ 26.02(b) and (b)(4)). Plaintiff argues that the statute of frauds does not bar her promissory estoppel claim because her First Amended Petition alleges that after telling Plaintiff not to make further payments and that Defendant would not foreclose on the

---

[17] Document No. 1-4 at 20 of 26.

Property, "Ocwen's representatives promised to confirm these agreements in writing."[18]

"Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.'" Id. at 256-57 (citations omitted). This requires an "agreement that had already been prepared or whose wording had been agreed upon that would satisfy the statute of frauds." Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 239 (5th Cir. 2014) (citing 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital, 192 S.W.3d 20, 29 (Tex. App.-Houston [14th Dist.] 2005)) (internal quotation marks omitted); see also George-Baunchand v. Wells Fargo Home Mortgage, Inc., CIV.A. H-10-3828, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (Rosenthal, J.) ("A promise to prepare a written contract is not sufficient. The defendant must have promised to sign a particular agreement which was in writing at the time.") (citing Beta Drilling, Inc. v. Durkee, 821 S.W.2d 739, 741 (Tex. App.-Houston [14th Dist.] 1992)). Because Plaintiff has not alleged that Defendant promised to sign a document which already existed in writing at the time, the statute of frauds bars Plaintiff's claim. See Uddin v. HSBC Bank USA, N.A., CIV.A. H-14-104, 2014 WL 1614351, at *2 (S.D. Tex. Apr. 21, 2014)

---

[18] Document No. 7 at 3-4; Document No. 1-4 at 19 of 26.

(Rosenthal, J.) ("Because the agreement that [defendant] allegedly breached was not in writing when the oral promise was made, the promissory-estoppel exception to the statute of frauds does not apply."). Plaintiff's promissory estoppel claim is therefore dismissed.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 6) is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 4TH day of September, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE